[Mayor & Aldermen of Birmingham v. McPoland.]

# Mayor & Aldermen of Birmingham v. McPoland.

*Action on Written Contract, and on Common Counts for Work and Labor Done and Materials Furnished.*

1. *Refreshing memory of witness; copy of m, morandum.*—When a memorandum, to which it is proposed to permit a witness to refer for the purpose of refreshing his memory, does not purport to be the original, but a copy, made by some person other than the witness, the correctness of the copy must be proved before it can be used by the witness as an aid to his memory.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee, John McPoland, against the Mayor and Aldermen of the City of Birmingham, a municipal corporation, and was commenced November 7, 1891. The complaint contained three counts. In the first count, the plaintiff claimed of the defendant the sum of $1778.15-100 alleged to be due under a written contract for the building of a sewer by the plaintiff for the defendant. The second and third counts claimed the same sum as due, respectively, "on account, and for work and labor done and materials furnished by the plaintiff for the defendant."

One Fitzhugh, a civil engineer, being introduced as a witness for the defendant, testified that he made the measurements of the work done by the plaintiff in the construction of the sewer, but that he had forgotten the result of the calculation made by the witness and one Kendrick from said measurements. Here the defendant's counsel offered to show the witness a copy of a memorandum purporting to have been made by said Kendrick from the calculations based on the measurements furnished by the witness. It was admitted that this paper, which was offered to the witness for the purpose of refreshing his memory, was not the original memorandum made by Kendrick, but purported to be a copy thereof made by said Kendrick. Plaintiff's counsel objected to the witness being allowed to examine the memorandum. The court sustained the objection, and the defendant excepted. This ruling is the only matter assigned as error.

[Birmingham Mining & M. Co. v. Mutual Loan & Trust Co.]

JAMES J. BANKS, for appellant.

E. T. TALIAFERRO, *contra*.

WALKER, J.—When the memorandum, to which it is proposed to permit a witness to refer for the purpose of refreshing his memory, does not purport to be the original, but a copy, made by some person other than the witness, the correctness of the copy must first be proved before it can be used by the witness as an aid to his memory.—*Jaques v. Horton*, 76 Ala. 238 ; *Stoudenmire v. Harper*, 81 Ala. 242. In the present case, the memorandum proposed to be shown to the witness Fitzhugh was admitted not to be the original, but what purported to be a copy made by one Kendrick. Kendrick was not introduced to prove the correctness of the copy, and it was not proposed to be shown that the witness Fitzhugh knew that the paper offered was a correct copy. The paper was wholly unauthenticated, and the court properly refused to permit the witness to use it for the purpose of refreshing his memory.

Affirmed.