## Flowers v. The State.

### Violating Prohibition Law.

(Decided November 14, 1916. 73 South. 126.)

1. Intoxicating Liquors; Affidavit.—An affidavit charging that within 12 months defendant sold spirituous, vinous or malt liquors without a license and contrary to law, is sufficient to charge a violation of the general prohibition law in force in February, 1915.

2. Same; Statute.—The Fuller and Carmichael bills remained in operation in all their parts after the passage of the Parks and Smith bills except when, by express language, the latter bills engrafted exceptions upon the general rule, or the operation of the former bills.

3. Same; Evidence.—Under the Acts 1909, p. 64, evidence that defendant had 35 pints of whisky in the restaurant kept by him, was admissible, such possession being prima facie evidence that it was kept for sale contrary to law.

4. Same.—Under Acts 1909, p. 64, evidence that defendant had 35 pints of whisky in his restaurant, in connection with the circumstances under

[Flowers v. The State.]

which it was kept, and proof of sales made by him, was prima facie evidence that the whisky was kept for sale.

5. Trial; Examination; After Close of Evidence.—Whether or not the court will permit a defendant to examine a witness after the evidence is closed is addressed to its sound discretion, and in the absence of abuse will not be reviewed.

6. Same; Argument of Counsel.—Where the prosecution was for violating the prohibition law, and there was no evidence of that fact, a statement by the solicitor in his closing argument "They are marching down there (referring to defendant's place of business) every Sunday in droves to buy whisky" was improper as it was a statement of fact pertinent to the issue having a tendency to prejudice the jury, and influence its findings.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

John Flowers was convicted of violating the prohibition law and he appeals. Reversed and remanded.

W. E. GRIFFIN, and BECKWITH & DAVISON, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted on a charge of selling spirituous, vinous, or malt liquors without a license and contrary to law. We think the evidence afforded sufficient inference of the defendant's guilt of the crime charged against him to authorize the submission of that question to the jury.

(1-4) The affidavit, the foundation of the prosecution, was sworn to, and the warrant of arrest executed, February 21, 1915, and the authority as to acting as agent cited by appellant has no. application. The general, or state-wide, prohibition laws were in force at the time the charge was made, and at the time the proof shows the offense was committed, and not the statutes under consideration in the cases cited. The affidavit charging that within 12 months the defendant sold spirituous, vinous, or malt liquors without a license and contrary to law, is sufficient to charge a violation of the general prohibition law then in force. —Gratton v. State, 4 Ala. App. 172, 59 South. 183. All parts of the Fuller and Carmichael bills remained in operation after the passage of the Parks and Smith bills, except when, by express language, the latter named bills ingrafted exceptions upon the general rule, or the operation of the former bills.—Hauser v. State, 6 Ala. App. 37, 60 South. 549. Section 4 of the Fuller

bill (Acts 1909, p. 64), as to the possession of whisky being prima facie evidence of being kept for sale contrary to law, was in effect; and the evidence that the defendant had 35 pints of whisky in the restaurant kept by him was admissible, and, in connection with the circumstances under which it was kept and proof of the sales made by him, was prima facie evidence that the whisky was kept for sale.

The bill of exceptions recites that it contains all of the evidence, but contains statements clearly showing that all of the evidence before the court below on the trial is not set out. The bill is in narrative form, and does not show the order in which the testimony was introduced. It is manifest that it is not even a narrative history of the evidence in the order in which it was offered; and in this condition of the record it is difficult to comprehend fully the merits of the questions sought to be presented on the evidence, and it is impossible to appreciate the force or value of some of these questions presented under this disconnected and disordered narrative of the evidence. We have, however, as best we could, carefully considered the ruling of the trial court on the evidence, and do not think reversible error is shown by any ruling presented so that it can be reviewed, and do not deem that a discussion of the rulings on the evidence is required.

(5) No abuse of the discretion of the court is shown that would authorize a reversal here on review of the trial court's action in refusing to allow the defendant to examine the witness Dingham after the evidence had closed.

(6) The ruling of the court in permitting the statement by the solicitor in his closing argument to the jury that "they were marching down there [referring to defendant's place of business] every Sunday in droves to buy whisky," we think is error that necessitates a reversal. The statement was of a fact pertinent to the issue, not supported by the evidence, having a natural tendency to prejudice the jury and influence its finding.—*Cross v. State,* 68 Ala. 476. The following cases will be found to support our holding: *Shelby Iron Co. v. Greenlea,* 184 Ala. 496, 63 South. 470; *B. R., L. & P. Co. v. Drennen,* 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; *Wolffe v. Minnis,* 74 Ala. 386; *Sullivan v. State,* 66 Ala. 48; *Dupuy v. Wright,* 7 Ala. App. 238, 60 South. 997; *Johnston Bros. v. Brentley,* 2 Ala. App. 281, 56 South. 742, and authorities there cited.

[Pounds v. The State.]

No other reversible error is shown by the record; but, for the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.