TYLER v. STATE. (6 Div. 152.)

(Court of Appeals of Alabama. April 3, 1923. Rehearing Denied April 17, 1923. Affirmed on Mandate July 10, 1923. Rehearing Denied Oct. 16, 1923.)

1. Jury ☞116—Motion to quash venire and objection to being placed on trial held properly overruled.

Accused's motion to quash the venire and his objection to being put to trial because two of the veniremen drawn for his trial had served as jurors on the former trial held without merit and properly overruled.

2. Jury ☞95—Veniremen serving on previous trial could be stricken without curtailing accused's strikes or peremptory challenges.

Veniremen who had served on the jury on the previous trial were subject to challenge for cause, and by exercising the right, if they were objectionable to accused, they would have been stricken from the list without curtailing accused's strikes or peremptory challenges.

3. Witnesses ☞236(2)—Question to witness held preliminary, and objection thereto properly overruled.

Question addressed to witness, "Who were your physicians, who treated him?" and that addressed to Dr. W. "How long have you known him (deceased)?" held preliminary in character, and accused's objection thereto properly overruled.

4. Homicide ☞166(1)—Evidence as to motive of homicide is competent, though not essential.

While evidence as to motive in killing a person is not essential it is always competent.

5. Homicide ☞166(6)—Evidence held relevant as shedding light on motive of accused and conduct of deceased.

Where there was evidence that the motive for a homicide was to put an end to deceased's attentions to accused's widowed sister, her testimony that her husband was dead, and that she was living at her father's, and was the mother of children present in the house at the time of the homicide, and the ages of the children, was relevant as shedding light on accused's motive and the conduct of deceased at the time of the homicide.

6. Homicide ☞215(1)—Not essential that dying declaration should be wholly voluntary, if made under sense of impending death.

It is not essential that a dying declaration, if made under sense of impending death, should be wholly voluntary, since, a dying declaration is admitted upon the theory that the consciousness of approaching death dispels from the mind all motive for making a false statement.

7. Homicide ☞203(3)—Predicate held sufficient to authorize admission of dying declaration.

Where a witness testified he saw deceased at the hospital the day he was shot, and that the latter was informed he was going to die, and was asked to make a statement as to his difficulty with accused, whereupon deceased did

make a statement, which was read to and approved by deceased and contained statement that deceased realized he was going to die, the predicate was sufficient to authorize the admission of the dying declaration.

**8. Witnesses ☞393(6)—Testimony of witness on previous trial held only admissible to impeach her testimony so far as contradictory.**

In a murder prosecution, testimony of the witness given on the preliminary trial was only admissible to impeach her testimony on the present trial, after proper predicate had been laid for such purpose, and the court properly admitted such as tended to contradict her and corresponded to the several predicates made on her cross-examination, and properly excluded the other portion of her testimony.

**9. Criminal law ☞695(6)—Witnesses ☞406 —Evidence held admissible in part to contradict testimony of witness, and general objection not well taken.**

Where a witness testified that she did not say in a certain statement that accused was drunk, so much of such written statement as asserted that accused was drunk was admissible to contradict her testimony and general objection to all of the statement was not well taken.

**10. Criminal law ☞761(6)—Requested charge held properly refused as assuming accused was guest where homicide occurred.**

Requested charge that a guest in the house of his relative might legally resist a trespass to the same extent as if his own, and that accused had the same right to resist any assault made on him in his mother's kitchen as if he had been in his own house, held properly refused, as assuming accused was a guest at his mother's home, and hence invading province of the jury.

**11. Homicide ☞300(2)—Argumentative, elliptical, and otherwise faulty requested charge on self-defense held properly refused.**

Requested charge in a murder prosecution as to self-defense held properly refused as being argumentative, elliptical, and otherwise faulty.

**12. Homicide ☞300(15)—Involved charge and relieving accused of duty to retreat held properly refused.**

Requested charge in a murder prosecution as to self-defense held properly refused, as involved and relieving accused of the duty to retreat.

**13. Homicide ☞300(12) — Requested charge held properly refused as pretermitting danger.**

Requested charge in a murder prosecution, that if defendant was free from fault and deceased had a rifle and offered or demonstrated any acts of violence, defendant had right to defend himself, was properly refused as pretermitting imminent danger.

**14. Homicide ☞151(1)—Burden is not on state to disprove accused was not free from fault.**

In prosecution for homicide, the burden is not on the state to disprove that accused was not free from fault.

**15. Witnesses ☞317(1)—Jury not authorized to disregard testimony of witness swearing falsely in part.**

It is not the law, as asserted in requested charge, that if the jury believe from the evidence that witness swore falsely to any material fact they may disregard her testimony.

**16. Homicide ☞23(2)—Deliberation and premeditation are not essential to murder in second degree.**

Deliberation and premeditation are not essential to murder in the second degree.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Lon Tyler was convicted of manslaughter in the first degree, and he appeals. Affirmed in conformity to Supreme Court's decision on certiorari. Certiorari granted by Supreme Court in Ex parte State, ex rel. Davis, Atty. Gen., 210 Ala. 96, 97 South. 573.

Dr. D. L. Williamson, a witness for the state, testified that he saw deceased at the hospital the day he was shot; that the deceased was informed that he was going to die; that "we" asked him to make a statement as to the difficulty with the defendant; that deceased did make a statement, and that witness recalled the sum and substance of it; that the statement was taken down in writing and read over to deceased, who approved it. Being handed a paper, the witness replied that it was the statement written on the occasion. Defendant objected to the reading of the statement, the court overruled the objection, and the witness read the statement to the effect that deceased realized he was going to die, and that defendant had shot him "for nothing."

The following charges were refused to defendant:

"1. The court charges this jury, a guest in the house of his relative may legally resist a trespass to the same extent as if his own, and the court charges you that Lon Tyler in this case, this defendant, had the same right to resist any assault made on him in his mother's kitchen, as if he had been in his own house."

"2. The court charges you that, if you believe from the evidence beyond a reasonable doubt in this case; Henry Alexander, the deceased, was stationed at the back door of J. M. Tyler's kitchen, sat there prepared and armed with a rifle waiting, or not waiting for Lon Tyler, this defendant, and when this defendant appeared there, Alexander demonstrated to the defendant any hostile acts, and then seized him with violence, then this defendant would have the right and did have the right under circumstances to resist him and use enough force to repel any assault offered, even to taking the life of the deceased."

"4. The court charges the jury that, if you believe from this evidence, beyond all reasonable doubt, Henry Alexander sat by the back door of defendant's father's home with a rifle, and when this defendant was free from fault

in bringing on the row and where he appeared there in the kitchen and found him there, if Alexander then offered any demonstration against this defendant in a hostile manner, and attempted to use the rifle, there was no duty on this defendant under such circumstances to retreat, and he had a right to stand his grounds and use any force necessary to repel the force offered by Alexander, even to taking life."

"5. If you believe from this evidence beyond all reasonable doubt, this defendant was absolutely free from fault in provoking this difficulty, and that Henry Alexander sat by the back door in the kitchen with a rifle, and when this defendant appeared in the kitchen, Alexander then offered or demonstrated to this defendant any acts of violence, this defendant, under such circumstances, had the right to defend himself, even to taking life."

"7. The burden of disproving the defendant free from fault is not on the defendant. That burden rests on the state and throughout the trial."

"8. The court charges the jury that if you believe from the evidence and find from the evidence witness Mrs. Silvia swore falsely to any material fact or facts in this case, then you may disregard her testimony in this case."

"9. The court charges the jury that the burden is on the state to establish to you, beyond all reasonable doubt, that there was deliberation and premeditation in the mind and acts of the defendant before, or at the time Alexander was shot, and unless these two elements have been so proven, then you cannot convict him for murder."

Pinkney Scott, of Bessemer, for appellant.

Charges 5, 7, and 8 were correct, and should have been given at defendant's request. 151 Ala. 41, 44 South. 84; 102 Ala. 87, 15 South. 571; 96 Ala. 24, 11 South. 255; 96 Ala. 89, 11 South. 338; 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17; 76 Ala. 8; 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; 100 Ala. 52, 14 South. 865; 100 Ala. 80, 14 South. 864; 93 Ala. 51, 9 South. 303, 30 Am. St. Rep. 28; 76 Ala. 93; 81 Ala. 20, 1 South. 577; 88 Ala. 8, 7 South. 97. It was error to force the defendant to trial with a venire including two jurors who had served on his former trial. Acts 1919, p. 1041; 207 Ala. 129, 92 South. 478; 133 Ala. 170, 31 South. 851; 174 Ala. 16, 56 South. 998, Ann. Cas. 1914B, 760; 172 Ala. 418, 55 South. 601; 171 Ala. 38, 55 South. 118; 67 South. 989. Counsel argue other assignments, but without citing authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., and Ben G. Perry, of Bessemer, for the State.

The fact that two of the veniremen served on the jury convicting the defendant did not constitute the venire illegal. 61 Ala. 282; 52 Ala. 345; 54 Ala. 93. A proper predicate was laid for the dying declaration. 171 Ala. 2, 54 South. 696; 207 Ala. 129, 92 South. 478. The solicitor's argument was not improper. 5 Ala. App. 456, 57 South. 599; 86 Ala. 77, 5 South. 775; 3 Ala. App. 194, 58 South. 74; 197 Ala. 193, 72 South. 319.

BRICKEN, P. J. This is the third appeal in this case; the first being from an order of the judge of the circuit court denying defendant bail, and resulting in an affirmance here. Ex parte Tyler, 17 Ala. App. 698, 89 South. 926. The second appeal was from a judgment of conviction for murder in the first degree resulting in a reversal by the Supreme Court. Tyler v. State, 207 Ala. 129, 92 South. 478.

The evidence offered by the state tended to show that the defendant, on December 12, 1920, while under the influence of liquor, went to the home of J. M. Tyler, defendant's father, where the deceased was a guest visiting the widowed sister of the defendant, Mrs. Silvia; that defendant had protested against deceased's attention to Mrs. Silvia; that when defendant arrived at the home of his father the deceased was playing with two of Mrs. Silvia's children in the kitchen, and that Mrs. Silvia and the baby were in the adjoining room; that defendant, without the slightest provocation or semblance of justification, shot the deceased, inflicting upon his person wounds that caused his death.

The defendant offered some evidence tending to show that he was on his way to his brother's, carrying his brother some medicine; that he stopped by his father's home, and entered the home by the kitchen door; that deceased seized and attacked him; and, in a scuffle for defendant's pistol, the weapon was discharged, inflicting the wounds that caused the death of the deceased.

[1] The defendant's motion to quash the venire and his objecting to being put to trial because two of the veniremen drawn for the defendant's trial had served as jurors on the former trial of the defendant was without merit, and was properly overruled. Stover v. State, 204 Ala. 311, 85 South. 393; Morris v. State, 18 Ala. App. 135, 90 South. 57.

[2] The veniremen who had served on the jury on the previous trial were subject to challenge for cause and by exercising the right of challenge for cause, if they were objectionable to defendant, these veniremen would have been stricken from the list, without curtailing the defendant's strikes or peremptory challenges. Wickard v. State, 109 Ala. 45, 19 South. 491; Stover v. State, supra.

[3] The question addressed to Mary Alexander, "Who were your physicians, who treated him?" and that addressed to Dr. Wilkinson, "How long have you known him (deceased)?" were preliminary in character, and the defendant's objection was properly overruled.

[4, 5] There was evidence tending to show that the motive prompting the homicide was

to put an end to the attention the deceased was showing Mrs. Silvia, and her testimony that her husband was dead, that she was living at her father's, that she was the mother of the children present in the house at the time of the homicide, and the ages of the children, was not without relevancy as shedding light on the motive of the defendant and the conduct of the deceased at the time of the homicide. While evidence as to motive is not essential, it is always competent. Jones v. State, 13 Ala. App. 10, 68 South. 690; Brunson v. State, 124 Ala. 40, 27 South. 410.

[6, 7] It is not essential that a dying declaration, if made under a sense of impending death, should be wholly voluntary.

They "are admitted upon the theory that the consciousness of approaching death dispels from the mind all motive for making a false statement, in view of the fact that the party recognizes the fact that he shall soon appear in the presence of his Maker." Parker v. State, 165 Ala. 1, 51 South. 260.

The predicate was sufficient to authorize the admission of the dying declaration. Tyler v. State, 207 Ala. 129, 92 South. 478.

[8] The testimony of the witness Mrs. George Silvia, given on the preliminary trial, was only admissible to impeach her testimony on the present trial, after proper predicate had been laid for such purpose, and the court properly admitted such as tended to contradict her and corresponding to the several predicates laid on her cross-examination, and properly excluded the other portion of her testimony.

[9] The witness, Mrs. E. S. Tyler, testified: "I did not say in that statement that Lon was drunk, but he must have been drunk or something, I reckon, but I don't know how that was," and so much of the written signed statement made by this witness, to wit, "Lon was drunk" was admissible to contradict her testimony; hence the defendant's general objection to all of the statement, was not well taken. Longmire v. State, 130 Ala. 67, 30 South. 413; Wright v. State, 136 Ala. 139, 145, 34 South. 233.

The solicitor, in his closing argument to the jury, made the following statements to the jury: "We have got too much killing around here." "Don't you know we have." "Do you know why?" The defendant objected to each of these statements and moved to exclude them because they were improper. The court overruled the defendant's objection and motion and to these rulings the defendant reserved exception.

In each of these rulings the court committed reversible error. The statement of the solicitor, "We have got too much killing around here," was the statement of a fact, of which there was no evidence, and if evidence had been offered of this fact it would not have been admissible. Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 91 South.

879; McAdory v. State, 62 Ala. 154; Cross v. State, 68 Ala. 476; Flowers v. State, 15 Ala. App. 220, 73 South. 126; Strother v. State, 15 Ala. App. 106, 72 South. 566; B. R. L. & P. Co. v. Drennen, 175 Ala. 349, 57 South. 876, Ann. Cas. 1914C, 1037; B'ham Ry. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

In some of the authorities cited, the Supreme Court said:

"However reluctant an appellate court may be to interfere with the discretion of a primary court in regulating the trial of causes, if it should appear that it had refused, to the prejudice of a party, to compel counsel to confine their arguments and comments to the jury, to the law and evidence of the case under consideration—if it had permitted them to refer to and comment upon facts not in evidence, or which would not be admissible as evidence, it would be a fatal error." 62 Ala. 163.

"Now, there was not only no evidence before the jury of that other homicide, or its details, but such evidence, if offered, would have been illegal and irrelevant. This was not argument, and could furnish no safe or permissible aid to the jury in considering and weighing the testimony before them. The jury, in their deliberations, should consider no facts, save those given in evidence." 68 Ala. 476.

The statements here brought in question were not only argument, but their scope and effect, however innocently made, was an appeal to the mob spirit to convict the defendant, regardless of the evidence because other killings had occurred in that county. The tendency and effect of their argument was to incense the minds of the jury and draw them away from the facts in the case. The defendant was entitled to have his case tried on the evidence, without regard to other killings. The argument of defendant's counsel was clearly within the issues and the improper argument of the solicitor cannot be justified on the theory that it was made in answer to the argument of defendant's attorney.

[10-16] Charge 1, refused to the defendant, assumes that Lon Tyler was a guest at his father's house, and was invasive of the province of the jury. Charge 2 is argumentative, elliptical, and otherwise faulty. Charge 4 is involved and relieved the defendant from the duty of retreating. Charge 5 pretermits imminent danger. Charge 7 was properly refused; the burden is not on the state to "disprove" that defendant was not free from fault. Charge 8 is not the law. Charge 9 is bad. Deliberation and premeditation is not essential to murder in the second degree.

For the error pointed out, the judgment is reversed.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte State, ex rel. Attorney General, In re Lon Tyler v. State, 210 Ala. 96, 97 South. 573.