(126 So. 612)

**MORRIS v. STATE.**

5 Div. 786.

Court of Appeals of Alabama.

March 4, 1930.

Charlie C. McCall, Atty. Gen., and William P. Cobb, Asst. Atty. Gen., for the State.

Pruet & Glass, of Ashland, for appellant.

SAMFORD, J.

The corpus delicti was proven in this case without dispute; i. e., a whisky still complete and in operation and in the possession of parties there present who were exercising dominion or control over it. The defense was an alibi, and as to this issue the defendant offered much testimony tending to prove that he was not one of the parties present at the still at the time it was raided by the officers. After the evidence was all in, the court in its oral charge and as a part thereof charged the jury: "In the ordinary case of an alibi when a party charged with

a crime attempts to prove that he was in another place at the time, then all the evidence tending to prove that he committed the offense tends in the same degree to prove that he was at the place when it was committed. If, therefore, the proof of the alibi does not outweigh the proof that he was at the place when the offense was committed it is not sufficient." This identical charge has been approved by the Supreme Court in Jones v. State, 176 Ala. 20, 58 So. 250.

Insistence is made that under the evidence in this case the defendant is entitled to the general charge, in that there is no evidence to support the verdict. To sustain this we are cited the recent case of Dickey v. State, 22 Ala. App. 375, 115 So. 848. The Dickey Case and the case at bar are easily differentiated, but for obvious reasons we do not discuss the evidence. Moreover, the decision in the Dickey Case rested on a motion for new trial.

Under the facts of this case, the refusal of charges 6 and 7 was not error. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Tatum v. State, 20 Ala. App. 24, 100 So. 569; Morgan v. State, 20 Ala. App. 331, 102 So. 236.

Refused charge 9 is an argument. Other refused charges are covered by the oral charge of the court.

On the preliminary trial of this defendant before the probate judge, on this same charge, the probate judge made some notes as the witnesses testified, after which and on the same day, with the aid of these notes and his own recollection, he wrote out in extenso the testimony of the state's witnesses, and placed it on file with the papers in the case; this testimony was not signed by the witness, but was a memorandum made by the judge while the facts were fresh in his mind. On this trial the court refused to permit defendant's counsel to use information obtained from this memorandum in laying a predicate for the impeachment of two of the state's witnesses; refused to permit defendant's witness Judge Moore to testify before the jury regarding the testimony of the two state's witnesses, because he had refreshed his recollection from the memorandum; and refused to permit the use of the memorandum either as evidence or for the purpose of refreshing the recollection of the person who made it.

In laying a predicate for the impeachment of State's witness Prestridge as to what he had testified to on a previous time, it was competent for defendant's counsel to use memorandum, made by himself. The memorandum was not being offered in evidence, and, for aught the court knew, never would be. Thompson v. State, 99 Ala. 173, 13 So. 753; Olds v. Powell, 10 Ala. 393.

As to the memorandum itself, Judge Moore, the judge who presided, identified it as having been made by him on the same day of the preliminary trial aided by notes taken by him while the witnesses were giving their testimony. The defendant offered Judge Moore as a witness to testify to contradictory statements made by state's witnesses during the preliminary trial of this defendant, to whom the proper preliminary question had been propounded. The court refused to permit Judge Moore to testify before the jury because it was admitted by him that he had refreshed his recollection from the memorandum made by him on the day of the trial, and which he testified he knew to be correct.

A witness may, during his examination, assist or refresh his memory by reference to a memorandum made at or about the time of the occurrence of the facts about which he is testifying, if he knows it to be correct, and can, after referring to it, testify from independent recollection. It is immaterial whether the paper referred to be the original memorandum or a copy thereof known by him to be correct. In this case the memorandum of testimony made by Judge Moore who presided in the preliminary trial is not rendered ineffective by reason of the fact that it was made with the aid of notes taken by the judge himself while the witnesses were testifying, and written out in extenso on the same day, but after the trial. The rule is subject to some limitations not here applicable or necessary to mention. Jaques v. Horton, 76 Ala. 238; Birmingham R., etc., Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Ala. T. & L. Co. v. Hauer, 214 Ala. 473, 108 So. 339.

The testimony on the preliminary trial was not taken in such manner as to make it a part of the record of the preliminary proceedings. It was not taken down in writing and signed by the witnesses, as is required by Statute Code 1923, § 5233, and was not offered to be used as such, but for the purpose of aiding the memory of a witness testifying to its correctness, whose testimony was in contradiction to that of the state witness sought to be impeached. Jones v. State, 120 Ala. 303, 25 So. 204; Gore v. State, 22 Ala. App. 136, 114 So. 791.

The court in the first instance having committed error in refusing to permit defendant's counsel to use the statement written by Judge Moore as a basis for a predicate to prove contradictory statements, continued in its erroneous rulings throughout its dealings with the statement as memorandum to be used by the witness who made it for the purpose of refreshing his recollection.

For the error in this regard, the judgment is reversed, and the cause is remanded.

Reversed and remanded.