36 So.2d 571

## SUMMERS et al. v. STATE.

### 7 Div. 906.

Court of Appeals of Alabama.

Dec. 16, 1947.

Rehearing Denied Jan. 20, 1948.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

360

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The appellants herein, Conrad Summers and Horace T. Pope, were separately indicted for the rape of Ruby Williams. By agreement of counsel the lower court ordered that the cases be tried together. The trial resulted in the conviction of each appellant, the jury fixing the punishment at confinement in the penitentiary for a term of ten years for Summers and fifteen years for Pope.

The evidence introduced by the State, if believed under the required rule, would in our opinion clearly support a conviction of the offense charged. The defendants below admitted sexual relations with the prosecutrix but maintained that such acts were with the consent of the prosecutrix.

The prosecutrix testified both at a preliminary hearing and at the trial below. As a witness in the trial below she testified that she had never before been out to the Holly Springs Church, the locus of the alleged offense; that she thought they got to the church shortly before nine o'clock, and that she had told the defendants she had to be home by nine, but that she did not ask anyone what time it was when they got to the church; that during her struggle Conrad Summers had his hand over her mouth and his fingers in her mouth in an attempt to stifle her outcries; and that she bit Summers' fingers.

In an attempt to impeach this witness as to the above portions of her testimony, a proper predicate was created for the impeachment of the testimony that she had not testified to facts different from the above at the preliminary hearing, or that she did not remember so testifying.

Later in the trial and for the purpose of impeachment as to the above testimony, the defendants offered to introduce into evidence excerpts from the testimony of the prosecutrix at the preliminary hearing

after such excerpts had been checked and certified as correct by the official court reporter who took such testimony. The court sustained the State's objection to such evidence. In this connection the record shows the following:

"Mr. Vardaman: The defense offers to have the Court Reporter check the transcript written out on several pieces of paper as to being true and correct copies of the excerpts read to the witness, Ruby Williams, on cross examination, and upon same being certified as being true by the Court Reporter, introduce them in evidence.

"Mr. Cockrell: Object to that unless they introduce the whole record.

"The Court: I will sustain the objection and will give you permission to offer in evidence—

"Mr. Cockrell: (Interrupting) You mean you will admit in evidence any pages they refer to?

"The Court: The official transcript, but not any excerpts.

"Mr. Vardaman: Will Your Honor permit us to introduce the pages?

"The Court: No. You may mark any section of it and note the pages you want to offer, and offer the whole transcript.

"Mr. Merrill: We except.

"Mr. Vardaman: We rest.

"The Court: Any rebuttal?

"Mr. Cockrell: Yes, sir."

Thereafter the defendants called Mr. Thomas V. Barry, the official Court Reporter for the Seventh Judicial Circuit. Mr. Barry testified that he took down the testimony at the preliminary hearing of these two defendants. He was then asked to refer to his shorthand notes taken at such hearing, for the purpose of refreshing his recollection. An attempt was then made to show by this witness that the prosecutrix had testified differently at the preliminary hearing from the testimony given by her at the trial concerning the matters above mentioned. The court sustained the State's objection to all such questions.

█ In our opinion the above evidence was material to the issues involved in this case. The strength or weakness of its probative force does not affect its competency. The testimony of the prosecutrix on the above points being material, the defendants, after establishing the proper predicate for impeachment, as they did, should have been allowed to offer her testimony at the preliminary hearing which would tend to impeach her testimony at the trial below. Stewart v. State, 27 Ala. App. 315, 172 So. 675; Davis v. State, 30 Ala.App. 562, 10 So.2d 35; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Pearce v. State, 226 Ala. 436, 147 So. 617.

█ It is allowable for any competent person who heard the former testimony of a witness sought to be impeached to testify as to what was the former testimony. Woods v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681, 27 A.L.R. 834. Nor is his competency affected by the fact that he may first have refreshed his recollection from notes made during the former hearing. Morris v. State, 23 Ala.App. 448, 126 So. 612. Furthermore, only such portions of the former testimony as tend to contradict the testimony at a second hearing are admissible. Woods case, supra; Tyler v. State, 19 Ala.App. 380, 97 So. 573; Ex parte State ex rel. Davis, 210 Ala. 96, 97 So. 573. Certainly the entire record of the preliminary hearing was not admissible under the defendants' attempt to impeach the prosecutrix as to certain portions of her testimony, though the State would have had the right to introduce any further portion of her testimony at the preliminary hearing that tended to clarify or explain that portion of her testimony sought to be impeached. It is our conclusion therefore that the trial court erred in sustaining the State's objections to the questions of the defendants seeking to impeach the testimony of prosecutrix given at the trial below.

█ After the alleged rape of the prosecutrix at the Holly Springs Church the evidence shows that a second girl, who had left the automobile when it parked at the church, returned with her male companion or companions and the party started the return trip. Over the objection of the defendants the State was permitted to introduce testimony that on the return trip the car was stopped and that these

two defendants raped this second girl. The method of assistance furnished by each defendant to the other during the accomplishment of this second offense was substantially similar to the methods allegedly used in accomplishing the first offense. The grounds of defendants' objection to such testimony was that proof of other offenses is not admissible at the trial of the offense presently charged. The above objection of course sets forth a well settled general rule. There are however certain well defined exceptions. Among the exceptions are relevancy to prove identity, relevancy to prove intent, and relevancy to prove a scheme or design.

Decisions of both this Court and of the Supreme Court have approved the admission of other offenses when such other offenses have probative value relative to intent, or to identity of the defendant. See Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Wilder v. State, 30 Ala. App. 107, 1 So.2d 317; Brasher v. State, ante, p. 13, 30 So.2d 26; McKenzie v. State, ante, p. 7, 33 So.2d 484, certiorari denied 250 Ala. 178, 33 So.2d 488.

We have found no case from this State specifically determining the question of the admissibility of other similar offenses as going to show the existence of a system, design or plan in the commission of offenses, one of such offenses being the basis of the prosecution. However, in most, if not all, of the above cited cases such an exception to the general rule is noted and approved, even in the dissenting opinion of Livingston, J., in the McKenzie case, supra. See also Wigmore on Evidence, 3rd Ed. Vol. II, Section 192, and Wharton's Criminal Evidence, Section 31.

It is our opinion therefore that the trial court did not err in admitting evidence tending to show the alleged rape of the second girl, committed on the same ride, and by substantially similar methods.

The appellants also urge that the court below erred in refusing to give at their request several written charges setting forth that the offense of rape includes the lesser offense of assault and battery. The above charges of course abstractly state a correct principle of law. However, under the issue as developed by the evidence of this case these appellants were either guilty of rape, or they were not guilty. Under no phase of the evidence was there warrant for the court to submit to the jury the charges pertaining to assault and battery. Its refusal to give the above mentioned charges did not under the evidence of this case constitute error. Owens v. State, 29 Ala.App. 53, 191 So. 899, certiorari denied 238 Ala. 519, 191 So. 903.

Reversed and remanded.