189 So.2d 581

**Charles McCRIGHT**

**v.**

**STATE.**

**7 Div. 795.**

Court of Appeals of Alabama.

June 7, 1966.

Rehearing Denied June 28, 1966.

Arthur Burns, Gadsden, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted for the offense of having in his possession a still to be used for the purpose of manufacturing prohibited liquors or beverages. The jury returned a verdict of guilty and the Circuit Court of Etowah County fixed the punishment at imprisonment in the penitentiary for a period of one year and one day. Appellant's motion for a new trial was overruled and McCright appealed to this court. The trial was held approximately three years after appellant was arrested.

The State presented as witnesses two law enforcement officers who testified that they found an illegal still in Etowah County and observed said still at various intervals for three days. On the third day they saw appellant and one of his brothers working at the still and while appellant was making a fire under the still they approached the still site and appellant and his brother ran. One of the officers stated that he caught the appellant in the yard of his father's home which was near the still. Appellant and his brother were taken back to the still where the officers destroyed the still and appellant was placed under arrest and taken to the county jail.

Appellant introduced evidence which tended to show that neither he nor his brother knew the location of the still and had no interest therein. This evidence shows that the appellant and his brother had walked from their father's home to the home of a relative and that they were caught by the officers as they were returning to their father's home.

Mr. Frank Kendle was a witness for the State. He was employed by the Alcoholic and Tobacco Tax Division of the United States Treasury Department. In testifying as to the parts of the still and the equipment found at the still site he used a memorandum to refresh his memory. Appellant objected to its use upon the ground that the witness didn't make the memorandum himself nor did he know who did make it.

From the evidence it seems that when appellant was arrested and brought back to the still site the witness made notes of the parts and equipment that were seized at the still. These notes were not available at the time of the trial. Apparently these notes were used by the witness to prepare a case report. The witness did not have this case report with him at the trial although the report may have still been in existence. The case report was used in preparing the memorandum which was used by the witness to refresh his recollection as to the articles and equipment found at the still site. The witness did not know who had prepared the memorandum, but did state that it was prepared in the branch office in Birmingham, Alabama.

■ The objection of appellant raises the question of the verification of the copy used by the witness as to its correctness with the original memorandum. To overcome this objection the witness testified, "This [apparently referring to the memorandum he was attempting to use] contains the same information the report did."

■ A witness may use a memorandum to refresh his present recollection when after examining a memorandum made by himself, or known and recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify, as matter of independent recollections, to facts pertinent to the issue. Acklen's Executor v. Hickman, 63 Ala. 494, 35 Am. Rep. 54.

The notes taken at the scene of the still site are not to be considered the original. Instead the form report which was prepared by the witness is the original. H. H. Hitt Lumber Co. v. McCormack, 13 Ala.App. 453, 68 So. 696.

The cases of Mayor & Aldermen of City of Birmingham v. McPoland, 96 Ala. 363,

11 So. 427; and United States Fidelity and Guaranty Co. v. Yielding Bros. Co. Department Stores,.et al., 225 Ala. 307, 143 So. 176, involve the use of a copy of the original memorandum to refresh the memory of a witness. In both cases someone other than the witness prepared the copy. In the United States Fidelity & Guaranty Co. case it is stated, "He [the witness] checked the pay rolls [copy] with the time books [original]. * * * If the memorandum is made by another, but known to him, to state the facts truly, he may refresh his memory by a reference to it." In Mayor, etc., City of Birmingham the court states that when a memorandum does not purport to be the original, but a copy, made by some person other than the witness, the correctness of the copy must first be proved before it can be used by the witness as an aid to his memory. It was held that the paper was unauthenticated and that the trial court properly refused to permit the witness to use it for the purpose of refreshing his memory because the person who made the copy was not introduced to prove its correctness and it was not shown that the witness knew that the paper offered was a correct copy.

In the instant case the statement by the witness that, "This contains the same information the report did," is not sufficient proof of the correctness of the copy. In the absence of testimony by the person who prepared the copy, the witness should have been able to give testimony that he had made a comparison between the form report [original] and the memorandum [copy] and that either a correct transcription was made or that the memorandum contained substantially the same information as the form report. It was never shown that the witness had made a comparison between the form report and the memorandum.

In the instant case some person other than the witness prepared the copy. In the following cases the copy was prepared by the witness and it was held that the witness could refer to the copy to refresh his memory: Hawes v. State, 88 Ala. 37, 7 So. 302. It contains, the witness swears, the substance of what the defendant said; Bailey v. Griffin, 211 Ala. 219, 100 So. 242. The witness knew the statement was correct; Morris v. State, 23 Ala.App. 448, 126 So. 612. It is immaterial whether the paper referred to be the memorandum or a copy thereof known by him to be correct. Therefore by requiring a comparison to be made between the copy and the original and by requiring the witness to state that the copy is correct the same degree of proof is required in establishing the verification of a copy made by some person other than the witness as is required where the witness made the copy.

For the error herein discussed, this cause is due to be and the same is hereby

Reversed and remanded.