# Barnes *v.* The State.

*Indictment for Rape.*

1. *Prior declarations of defendant, as to desiring sexual intercourse with prosecutrix.*—On a prosecution for rape, declarations made by the defendant three months before the commission of the alleged offense, expressing his desire to have sexual intercourse with the prosecutrix,

[Barnes v. The State.]

and his belief that she would not yield to his wishes, are admissible as evidence against him, though they may be entitled to but little weight.

2. *Evidence of prior acts of undue intimacy, or of husband's jealousy.* The defendant may prove prior acts of undue intimacy between himself and the prosecutrix, who was his wife's sister, as tending to establish consent; but not the fact that her husband was "jealous of her," or "jealous of him and her," or that he objected to her being with him, or with another man.

3. *Evidence as to marks of struggle at alleged locality of offense.*—A witness who, on the second day after the commission of the alleged offense, went with the husband of the prosecutrix "to the place where he said the rape was committed," can not be allowed to testify that he saw on the ground no signs of a struggle, unless the locality is properly identified.

4. *Putting witnesses under rule.*—When the witnesses have been put under the rule, it is discretionary with the court to permit one of them to remain in the court-room during the examination of the others; and the exercise of this discretion is not revisable.

5. *Complaint of prosecutrix to her husband.*—The husband of the prosecutrix may testify that his wife made complaint to him on the second night after the commission of the alleged rape, and may state the circumstances under which the complaint was made.

FROM the Circuit Court of Fayette.

Tried before the Hon. SAM. H. SPROTT.

The defendant in this case, James B. Barnes, was indicted for a rape on Mrs. Adeline Ballard, who was his wife's sister; was convicted, and sentenced to the penitentiary for life. According to the testimony of the prosecutrix, the offense was committed on the evening of August 23d, 1888, near the defendant's house, where she had been all day helping to discharge household duties for her sister, who was sick in bed; and on her way home in the evening, while in the public road, the defendant intercepted her, carried her aside into the woods, and forcibly ravished her. The defendant, testifying for himself, admitted that he had sexual intercourse with the prosecutrix at the time and place named, but said that she met him there by appointment, and consented to the act; and further, that he had had connection with her on several prior occasions. One Adams, a witness for the prosecution, testified that one day in May, 1888, while he and the defendant were working together in the field, talking and joking about women, "defendant said that Adeline Ballard was a nice looking woman, and he guessed she had a good ——, but he did not suppose there was any chance for him to get any of it;" and the court admitted this evidence, against the objection and exception of the defendant.

The prosecution introduced George Ballard as a witness, who was the husband of the prosecutrix; and the defendant objected to his examination, "because, the other witnesses

[Barnes v. The State.]

having been put under the rule, the court had excused him, and allowed him to remain in the court-room; and because he was the husband of the prosecutrix, and his testimony could only be hearsay." The court overruled the objections, and the defendant excepted; and the witness then testified to a complaint, or statements, made to him by his wife on the second night after the commission of the alleged offense, they having slept at the defendant's house the night before. The defendant asked said witness, on cross-examination, "if he was not at that time, and had not been before, jealous of his wife and the defendant;" also, if, on a certain day, at defendant's house, when one Stewart sat down near Mrs. Ballard, "he (witness) did not order said Stewart to get up, and not to sit so near to his wife." The court excluded each part of this evidence, on motion, and the defendant excepted. The defendant offered to testify, and also to prove by the mother of the prosecutrix, that on the morning of said 23d August, while he and the prosecutrix were together at the spring near the house, where she was washing clothes, her mother came up, "and told him to go to the house, and said that George Ballard would be mad if he saw them together;" and he excepted to the exclusion of this evidence.

"John McCarver, a witness for the defendant, testified in substance, that on the next morning after the rape was said to have been committed, George Ballard, the husband, told him of it, and they went together to the place where he said it was committed; that the ground was hard, and had some leaves and trash on it, and he could not see any sign of a struggle; that he did not know it was the place where the rape occurred, and did not know that the party who pointed it out knew. Thereupon, the solicitor moved to exclude this testimony from the jury, because the place examined was not sufficiently identified as the place where the rape occurred." The court sustained the motion, and the defendant excepted.

NeSmith & Sanford, for appellant, cited 1 Green. Ev. §§ 51–2; 2 Bish. Crim. Pro., §§ 970, 966, 965, 361; *Thompson v. State*, 43 Texas, 583; *Gassenheimer v. State*, 52 Ala. 313; *Berney v. State*, 69 Ala. 233; *Fincher v. State*, 58 Ala. 215; *Lacy v. State*, 45 Ala. 80; 1 Archb. Crim. Pr. & Pl., 1003; *Sanders v. Stokes*, 30 Ala. 432; 39 Ala. 244; 36 Ala. 69; 21 Ala. 750.

[Barnes v. The State.]

WM. L. MARTIN, Attorney-General, for the State, cited *Boddie v. State*, 52 Ala. 355; *Evans v. State*, 62 Ala. 6; *Hudson v. State*, 61 Ala. 333; *Johnson v. State*, 87 Ala. 39; *Dismukes v. State*, 83 Ala. 287; *Harrington v. The State*, 83 Ala. 9; 10 Ala. 355; 6 Ala. 390; 4 C. & P. 221; 76 Ala. 18.

McCLELLAN, J.—The testimony of the witness Sid Adams was properly admitted. It tended to show the desire of the defendant to have carnal knowledge of the prosecutrix, as well as his belief that she would not yield to his wishes; and it was relevant as affording the jury a basis for the inference that he had gratified his passion in the manner charged in the indictment. Such evidence, of itself, is entitled to little weight, especially when the declarations deposed to were made a great length of time before the alleged offense; but the mere lapse of time will not render them incompetent. Thus, on a trial for murder, it was held to be proper to prove that the defendant, two or three years before the homicide, had said of the deceased, "There is a man I can not get along with."—*Evans v. State*, 62 Ala. 6; 2 Tay. Ev., § 1209. Evidence of the defendant's carnal passion for the prosecutrix, on a charge of rape, is strictly analogous to unfriendliness and hostility in a prosecution for murder. In the latter case, declarations of hostility, not amounting to threats, made at any time prior to the offense, are clearly admissible.—*Hudson v. State*, 61 Ala. 333; *Johnson v. State*, 87 Ala. 29.

The defendant was, of course, entitled to prove prior acts of undue intimacy between himself and the prosecutrix, as furnishing a predicate for the presumption of consent on the occasion of the alleged crime; and we do not understand that the court below denied him this right in any degree. Evidence that the husband of the prosecutrix "was jealous of her," or "jealous of her and the defendant," and objected to her being with the defendant, or with the witness Stewart, in its strongest aspect for the defense, could only show that he suspected her of improper conduct, or undue intimacy with those parties; and we are unable to conceive a case which would authorize the proof or disproof of a material fact, by evidence of the mere conjecture or suspicion of its existence.

There was no error in excluding the testimony of the witness McCarver, to the effect that the place, which he supposed or had been informed was the scene of the alleged

[Dotson v. The State.]

offense, disclosed nothing to indicate a struggle. The locality described by him was in no way identified as that at which the crime had been committed.

It is the settled doctrine of this court, that the discretion of the presiding judge as to the exclusion of witnesses, or any particular witness, from the court-room during the progress of the trial, is not revisable.—*McGuff v. The State, ante*, p. 147, and cases cited.

The evidence of the husband of the prosecutrix, as to the fact that his wife made complaint to him in regard to the alleged offense, and as to the circumstances under which the complaint was made, was clearly competent.—*Leoni v. State*, 44 Ala. 110; *Lacy v. State*, 45 Ala. 80; *Griffin v. State*, 76 Ala. 29; *Barnett v. State*, 83 Ala. 40.

We discover no error in the record, and the judgment of the Circuit Court must be affirmed,