. [Pope v. The State.]

# Pope *v.* The State.

## *Rape.*

(Decided February 3, 1914.  64 South. 526.)

1. *Rape; Evidence; Intent.*—Where the defendant, a negro boy, about 18 years old, was prosecuted for an assault to commit rape upon a white girl about 16 years old, it was competent to show that about two weeks previous the defendant had accosted the prosecutrix when she was alone, and inquired about her white boy friend, who usually accompanied her, and made overtures to her which were rejected, as bearing upon his desire to have carnal intercourse with her, as well as his belief that she would not consent, and as affording a basis for the inference that the assault subsequently committed was with intent to ravish.

2. *Same; Intent; Jury Question.*—The evidence examined and held sufficient to carry to the jury the question whether the assault was committed with the intent to commit rape.

APPEAL from Talladega City Court.

Heard before Hon. CECIL BROWNE.

David Pope was convicted of an assault with intent to commit rape, and he appeals. Affirmed.

M. N. MANNING, for appellant. The state failed to make out a case under the indictment.—*Jones v. The State,* 90 Ala. 628; *Sadler v. The State,* 12 Tex. Ap. 194. The evidence must show a felonious intent.—*Toulet v. The State,* 100 Ala. 72; 32 Eng. Crim. L. R. 524; *Pumphry v. State,* 156 Ala. 106. Counsel discusses errors

assigned as to rulings on the evidence, but without further citation of authorities.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The conversation between prosecutrix and accused was clearly competent, however small in weight.—*Barnes v. The State,* 88 Ala. 207. The jury was justified under the evidence in convicting the defendant.—*Lewis v. The State,* 35 Ala. 380; *Kelly v. The State,* 1 Ala. App. 133.

PELHAM, J.—The testimony of the assaulted girl, to the effect that the defendant (about two weeks before the assault testified to by her as committed by the defendant) had accosted her when she was alone and on her way to attend Sunday school, and inquired about her white boy friend, who usually accompanied her on such occasions, and, finding that he was not present, made overtures to go with her, which were rejected, was properly admitted. Such evidence is perhaps of little weight, but in this case the prosecutrix was a white girl about 16 years of age, and the defendant was a negro about 18 years old, and this evidence, taken into consideration with the widely differing social status of the parties fixed by the existing conditions and attending circumstances, had a tendency to show the desire of the defendant to have carnal knowledge of the girl, as well as a belief on his part that she would not consent, and was relevant as affording the jury a basis for the inference that the assault subsequently committed was with the intent to ravish as charged in the indictment.— *Barnes v. State,* 88 Ala. 204, 7 South. 38, 16 Am. St. Rep. 48.

It is urgently contended at some length, by argument of counsel for defendant in brief that the trial court was

in error in refusing to charge the jury, at the written request of the defendant, that they could not find the defendant guilty of an assault with intent to ravish. This contention is based on the idea that, assuming as true that the assault was committed as testified to by the girl, yet there was nothing shown in connection with it justifying a finding by the jury that it was with an intent to ravish. All of the members of the court have considered the evidence as set out in the bill of exceptions in connection with this contention before any conclusion was reached or opinion written by the writer. It is the opinion of the court that an assault committed in the manner and under the circumstances narrated, and where there exists that difference in social status between the assaulted party and the defendant due to race, social customs, usages, etc., that is shown here, it cannot be said as a matter of law, in the absence of explanation of the conduct of the accused satisfactory to the jury, that the evidence of the assault is free from all inference that might reasonably be drawn from it by the jury that the assault was committed with the intent to ravish.—See *Kelly v. State,* 1 Ala. App. 133, 56 South. 15. Generally speaking, the commission of all crime mala in se emanates from some unnatural condition that is not agreeable to sound reason. Crime itself, then, in its very nature is an unreasonable thing, and whether or not it was reasonable to believe that the defendant would attempt to commit the crime of rape at the place and under the circumstances shown by the evidence was a question, not of law for the court, but of fact for the jury to pass upon, taking into consideration all of the testimony bearing on the subject. It follows that it is our conclusion that the trial court was not in error in refusing the charge discussed.

[Branch v. The State.]

We find no error in the record, and the judgment of the lower court will be affirmed.

Affirmed.