**DUNN v. STATE. (6 Div. 277.)**

(Court of Appeals of Alabama. Jan. 22, 1924. Rehearing Granted Feb. 12, 1924.)

**I. Intoxicating liquors ⬅➡226—Proof that one raiding still was deputy sheriff admissible.**

In a prosecution for manufacturing prohibited liquors, it is permissible for the state to prove that one raiding a still was at the time a deputy sheriff.

**2. Criminal law ⬅➡1170½(1)—Sustaining objection to question which was nevertheless answered held not reversible error.**

Sustaining an objection to a question asked a state's witness on cross-examination *held* not reversible error where the witness nevertheless answered the question, and defendant got full benefit therefrom.

**3. Criminal law ⬅➡720½—Argument of counsel held not improper.**

Argument of counsel, "I tell you this defendant is guilty," *held* merely an inference drawn by the solicitor himself, and not improper.

**4. Criminal law ⬅➡789(4)—Instruction as to conviction upon testimony of single witness held improperly denied.**

In a prosecution for manufacturing prohibited liquor, where the testimony of a single witness was relied upon to connect defendant with the crime, refusal of an instruction that, "if a conviction in this case depends upon the testimony of a single witness, and if the jury have a reasonable doubt as to the truthfulness of the testimony of such witness, they cannot convict the defendant," *held* improperly denied.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

John Mace Dunn was convicted of manufacturing prohibited liquors, and appeals. Reversed and remanded.

Charge 2 requested by defendant is as follows:

"(2) The court charges the jury that, if a conviction in this case depends upon the testimony of a single witness, and if the jury have a reasonable doubt as to the truthfulness of the testimony of such witness, they cannot convict the defendant."

L. D. Gray, of Jasper, for appellant.

A conviction of defendant depended solely upon the evidence of one witness, and charge 2 should have been given for defendant. Segars v. State, 86 Ala. 59, 5 South. 558; Washington v. State, 58 Ala. 355; Mills v. State, 1 Ala. App. 76, 55 South. 331; Estes v. State, 18 Ala. App. 606, 93 South. 217.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant was convicted for manufacturing prohibited liquors.

[1] It was permissible for the state to show that Lem Barrentine was a deputy sheriff of Tuscaloosa county at the time he raided the still.

[2] Where objection was sustained to a question asked a state's witness on cross-examination, but the witness answered the question, the defendant, getting full benefit of the answer, was not prejudiced by the ruling of the court, and such ruling is not reversible error.

[3] That portion of the argument of the solicitor was as follows: "I tell you that this defendant is guilty"—was merely an argument of the inference drawn from the testimony by the solicitor, and was not improper, and should not work a reversal of the case.

[4] Charge 2 requested by the defendant states a correct proposition of law, and should have been given. Upon a careful reading of the testimony we find that a conviction of the defendant did depend upon the testimony of a single witness, the testimony of Barrentine being the only evidence in any way connecting the defendant with the commission of the crime. In a criminal case the jury are not authorized to find a verdict of guilty on the testimony of a single witness if they have a reasonable doubt of the truth of his statements. Segars v. State, 86 Ala. 59, 5 South. 558; Baxley v. State, 18 Ala. App. 277, 90 South. 434; Estes v. State, 18 Ala. App. 606, 93 South. 217.

This opinion is substituted for the original opinion.

For the error indicated, the application for rehearing is granted, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.