**ALEXANDER v. STATE.  (6 Div. 978.)**

(Court of Appeals of Alabama.  June 1, 1926.
Rehearing Denied Aug. 31, 1926.)

1. **Criminal law** ⬀789(4)—**Where conviction of carnal knowledge of girl over 12 and under 16 years old depended on testimony of one witness, refusal of charge to acquit if jury could not say beyond reasonable doubt that such testimony was true held prejudicial error.**

Where conviction of carnal knowledge of girl over 12 and under 16 years of age depended upon testimony of one witness, refusal of instruction to acquit if conviction depended upon her evidence and jury could not say whether it was given under duress or fear of punishment, so that they could not say beyond reasonable doubt that it was true, was prejudicial error.

2. **Criminal law** ⬀1169(1)—**Rape** ⬀40(5).

In prosecution for carnal knowledge of girl over 12 and under 16 years old, whether intercourse was painful was immaterial, but such testimony was not alone reversible error, because part of res gestæ.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Woodie Alexander was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, and he appeals. Reversed and remanded.

Charge 3, refused to defendant, is as follows:

"The court charges the jury that if the conviction of the defendant depends upon the evidence of Freda Mae Kemp, and you cannot say whether her evidence was given under duress or fear of punishment, so that you cannot say beyond a reasonable doubt after considering all the evidence that her evidence is true, then you must find the defendant not guilty."

Gray & Powell, of Jasper, for appellant.

Refused charge 3 asserts a correct proposition of law, and a conviction in this case depended upon the testimony of the witness therein named. Refusal of the charge was error. Dunn v. State, 19 Ala. App. 576, 99 So. 154; Segars v. State, 86 Ala. 59, 5 So. 558; Baxley v. State, 18 Ala. App. 277, 90 So. 434. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Refused charge 3 was misleading and confusing. Other witnesses than the prosecutrix testified for the state in this case. Price v. State, 10 Ala. App. 69, 65 So. 308. The admission of evidence over defendant's objection was without error. People v. Flynn, 96 Mich. 276, 55 N. W. 834; 33 Cyc. 1475; Davis v. State, 20 Ala. App. 463, 103 So. 73.

RICE, J. Appellant was convicted of the offense of having carnal knowledge of a girl over 12 and under 16 years of age. He was given the minimum penalty prescribed by law.

[1] Upon a careful reading of the testimony we find that a conviction of the defendant did depend upon the testimony of Freda Mae Kemp. It follows that, upon the authority of Dunn v. State, 19 Ala. App. 576, 99 So. 154, a case decided by this court, and the cases therein cited, it was prejudicial error to refuse to give defendant's requested written charge No. 3. We can see no distinguishing features between this charge, in so far as principle is concerned, and the charge held good in the said Dunn Case.

[2] It was in our opinion altogether immaterial as to whether or not the act of sexual intercourse alleged to have been had was painful. Testimony as to this phase of the occurrence should not have been allowed. However, we would not be willing to reverse the case because of its admission. standing alone, since it might be fairly said to come within the scope or range of the res gestæ. Certainly it had to do with the res.

The other rulings complained of will not likely occur upon another trial. We do not think, anyway, they probably affected the verdict.

Reversed and remanded.