BOWEN, Presiding Judge.
The appellant, Robert James Cook, was indicted and convicted for rape in the first degree in violation of Alabama Code Section 13A-6-61 (1975). He was sentenced as a habitual offender to life imprisonment without parole. This conviction must be reversed because the trial judge refused to give Cook’s written requested instructions.
I
The victim was the only witness who testified that Cook raped her. In Cook’s defense, the victim’s neighbor testified that both the victim’s general reputation and her general reputation for truth in the community were bad, and that she would not believe the victim under oath.
Cook submitted three written requested charges concerning the effect of the bad character of a witness.
*1379 “(1) The Court charges the jury that if the evidence convinces you that the alleged victim is a person of bad character, and unworthy of belief, then you may disregard the alleged victim’s testimony altogether.
“(2) The Court charges the jury that if you find from the evidence in this case that the alleged victim is of a bad character then you may look to this bad character in determining , what credence if any you will give to this alleged victim’s testimony.
“(B) The Court charges the jury that if you believe from the evidence that the alleged victim is a person of bad reputation for truth and veracity in the neighborhood where the alleged victim lives, then, as a matter of law, this fact tends to discredit the testimony of the alleged victim, and you may entirely disregard it, except insofar as it is corroborated by other credible testimony, or by facts and circumstances proved at trial.”
Charge (1) was recently approved in Ashlock v. State, 367 So.2d 560 (Ala.Cr.App.1978), cert. denied, 367 So.2d 562 (Ala.1979). Charge (2) was held proper in Roundtree v. State, 29 Ala.App. 225, 228, 101 So. 325 (1924). Charge (3) was approved in Cobb v. State, 115 Ala. 18, 22 So. 506 (1897).
Notwithstanding the contention of the State, these charges were not covered in substance by the court’s oral charge. No other requested charge to the same effect was given. The trial judge did instruct the jury on its duty to “segregate out” the testimony of witnesses found to be unworthy of belief and to reject all or any part of the testimony of any witness found to have willfully testified falsely to a material matter. Regardless of how broad an interpretation or how liberally we read the oral instructions of the trial judge, it is impossible to find that the principles of law expressed in the requested charges were substantially and fairly covered in the oral charge of the trial judge. Lambeth v. State, 380 So.2d 923 (Ala.1979). The court’s oral charge made no mention of bad character or reputation.
Baynes v. State, 423 So.2d 307, 311 (Ala.Cr.App.1982), cited by the State for the proposition that Cook’s requested charge number (3) was covered in the court’s oral charge is not persuasive.
II
Cook also requested charges correctly stating the legal principle that, if a conviction depends upon the testimony of a single witness and the jury has a reasonable doubt as to the truthfulness of the testimony of such witness, they cannot convict the defendant. Dunn v. State, 19 Ala.App. 576, 99 So. 154 (1924). See also Alexander v. State, 21 Ala.App. 497, 109 So. 528 (1926). This principle was not covered in the trial judge’s oral charge and under the evidence was due to be given.
III
In response to Cook’s argument that his requested charges should have been given, the State contends that this error was not preserved for review because the objection was made outside the presence of the jury.
Pursuant to Ala.R.App.P. 10(f), Cook has corrected to the record to reflect that “the objections by the State and the Appellant to the Court’s oral charge and the objections by the Appellant as to his refused requested charges were made prior to the jury retiring to consider or to begin deliberations for a verdict.” The fact that the objections were made outside the jury’s presence is in conformity with Ala.R.Crim. P.Temp. 14 which provides that “(opportunity shall be given to make the objection out of the hearing of the jury.” Here, the error was properly preserved for our review. Ex parte Allen, 414 So.2d 993 (Ala.1982).
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.