Appellant John Preston Anthony, Jr. was convicted of the offense of rape in the first degree and sentenced to twelve years' imprisonment, from which he prosecutes this appeal.
 I
Appellant first contends that no probable cause existed for the issuance of a search warrant of his residence, so that the court erred in receiving into evidence photographs of items in the defendant's residence.
A police officer gave an affidavit in support of the search warrant which was based on the statements made by an alleged previous victim of the appellant. Some of the information provided to the police officer, Sergeant Ballard, by the alleged previous victim, was not true. There is no evidence of any intentional misstatement, nor of a negligent or unreasonable assertion made by Sergeant Ballard, the affiant, in the affidavit.
Appellant contends that Richardson v. State, 376 So.2d 205
(Ala.Cr.App. 1978), aff'd, 376 So.2d 228 (Ala. 1979), cert.denied, 460 U.S. 1017, 103 S.Ct. 1262, 75 L.Ed.2d 488 (1980), compels reversal in this case. The facts are otherwise.Richardson v. State, does not apply, and we hold that the court properly received into evidence the photographs in question.
 II
Appellant next contends that his motion for judgment of acquittal and for new trial were improperly denied. The state's evidence tended to show that the victim in this case went to the home of the appellant with him and another couple. She was threatened and brutally beaten. Appellant and the other man forced her to perform oral sex on the other woman and later on the appellant himself. Thereafter, he had intercourse with her. Photographs were made while these acts were being committed. She was compelled to stay there that night. The following day, after she was released, she went to the hospital, where she was found by one Dr. Garcia to have many bruises and lacerations. The alleged victim herself testified at trial. Her testimony alone made out a case sufficient to present to a jury. Her testimony was supported by proof of her injuries and testimony that seminal fluid and spermatozoa *Page 556 
were found in the crotch area of her panties by a forensic serologist. There was powerful and abundent evidence from which the jury might find appellant guilty.
 III
Appellant next contends that reversible error occurred during summation by the prosecution. The following appears in the record:
 "MR. WHISONANT: Where is Joyce Anthony? I don't recall her telling us what happened.
"MR. CAMPBELL: That's improper argument."
The witness referred to Joyce Anthony, the co-indicted ex-wife of the appellant in this case; she was present at trial. It does not appear that the trial court was called upon to make any ruling nor that the judge made any ruling. Nothing has been preserved for our review. Had the issue been preserved, it is quite clear that, in theory, she was not equally available to the state and to the appellant. The testimony in the case indicated that she participated fully in the abuse of the victim. In McMorris v. State, 394 So.2d 392
(Ala.Cr.App. 1980), writ denied, 394 So.2d 404 (Ala. 1981), cert. denied, 452 U.S. 972, 101 S.Ct. 3127, 69 L.Ed.2d 983
(1981), this court, per Judge DeCarlo, stated:
 "The availability of a witness to one or the other of the parties is determined initially by the party's superior knowledge of the existence and identity of the witness. Henry v. State, 355 So.2d 411
(Ala.Cr.App. 1978). Additionally, the relationship between the witness and the party that would reasonably be expected to affect the witness' personal interest in the outcome of the case is another factor to consider in determining to whom a witness is available. Brown v. State, 50 Ala. App. 471, 280 So.2d 177." See also, Henry v. State, 355 So.2d 411 (Ala.Cr.App. 1978).
We conclude that the witness Anthony was less available to the state than to the defense under these rules.
The appellant and Joyce Anthony were not husband and wife at the time of the alleged incident, nor at the time of the trial.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.