LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence to imprisonment for 30 years on a jury trial on an indictment that charged in pertinent part that “Melvin Eugene Mathews ... on or about March 8, 1983, did intentionally cause the *1088 death of another person, to-wit: Shirley C. Mathews by shooting her with a pistol, in violation of § 13A-6-2 of the Code of Alabama, 1975.”
According to the undisputed evidence in the case, the defendant and the victim were living together as husband and wife with their three children, the oldest being ten, the next six, and the third two years of age. It is further shown by the undisputed evidence that the victim died as a result of the entry of a bullet into the back of her skull, that penetrated her brain, which was discharged from a pistol that for some time had been in the home of the couple. As the two issues presented on appeal can be decided without a summary of the evidence in general, we will at this time limit our summary of the facts to the written statement made and signed by the defendant as testified to by one of the officers who was in the process of investigating the alleged murder on the night of the occurrence of the incident, which statement is as follows:
“My wife came home around 6:00 o’clock. I asked her how was the day at Flint Ridge [one of the places where she worked]. She began to tell me it was okay, this and that. I said, ‘Shirley, you don’t have to lie to me. You didn’t go to work today.’ She said, ‘If you know that, why did you ask me.’ Then she went upstairs and started messing around in the closet. I had the baby in the kitchen feeding him. After finishing with the baby, I let him off the chair and he went upstairs. I then started to reading a book on micrometers. She came back downstairs. She had changed clothes.
“I went to her and told her that I wanted to talk. She said, ‘What the hell you want to talk to me about.’ I said, ‘About today.’ That is when she told me about she had been on her first airplane ride today. She told me that she had a man in Vestavia that loved her and her children. So I asked her why did she come back? She said, ‘My children is here.’
“So I said, ‘If it was that good a ride, why did you come back?’ She then said she wanted to take one of the cars and that she was going to call him.’ It was unreal the way she was talking to me.
“She got up and asked me if she could make the call in private. I could see her over the swinging doors. I must have reached and got the pistol from the cabinet. And I went to swing and hit her with the pistol. As I started to hit her I heard the gun shot. I had shot her.
“I heard the pop. And she fell out of the chair. The children was hollering. I grabbed all the children and ran outside, got into the Chrysler and went to my sister’s house in Pratt City and told her that I have hurt Shirley. And she called the police and we got back into the car. And my sister drove back to the house. My sister’s name is_ Signed M.E. Mathews.”
I.
The first of the two issues presented by appellant is thus captioned in brief of his counsel:
“THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR IN THE ORAL CHARGE, WHEN THE COURT CHARGED ‘RECKLESS MURDER’ OR ‘STATUTORY UNIVERSAL MALICE MURDER’ [§ 13A-6-2(a)(2) ] AS AN ELEMENT OF ‘INTENTIONAL MURDER’ [§ 13A-6-2(a)(l) ] IN A ONE-COUNT INDICTMENT.”
Appellant is correct as to the first issue presented. We adhere to what was held in Bell v. State, 455 So.2d 1022 (Ala.Cr.App.1984), and to what was concisely and precisely stated therein by Judge Patterson as follows:
“We need only address Bell’s first contention of error. He argues that the trial court erred in instructing the jury on ‘universal malice’ murder, defined by § 13A-6-2(a)(2), because the indictment only alleged that he acted intentionally in causing the victim’s death (§ 13A-6-2(a)(1). The Alabama Supreme Court in Ex parte Washington, 448 So.2d 404 *1089 (Ala.1984), determined that, because an accused has the right to be informed of the charges against him, it is error for the trial court to instruct the jury on ‘universal malice’ murder under the indictment unless the indictment specifically charges such. See also Ponder v. State, 451 So.2d 1382 (Ala.Crim.App.1984), and cases cited therein. Accordingly this case is due to be reversed and remanded for a new trial.”
II.
Although unnecessary to a correct determination as to what action should be taken by this Court at this time, we will now consider the only other issue presented in brief of counsel for appellant, which is that the trial court erred in refusing to give defendant’s requested written charge No. 19. In response to the second issue, counsel for appellee argue, and cite authorities in support of such argument, that there was a “lack of any endorsement by the trial court judge to the effect that the charges in question were refused.” It is to be noted, however, that subsequent to the filing of appellee’s brief, a corrected record of the trial court was filed with this Court on December 17,1984, and that the particular written charge requested by defendant was subscribed by the trial judge under the handwritten word “Refused.” Quite understandably, counsel for appellee has filed no brief since the filing with this Court of the corrected record.
The judgment of the trial court should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.