TAYLOR, Judge.
Appellant Peter Mosley was indicted and convicted of rape in the first degree. He was sentenced under the Habitual Offender Act, § 13A-5-9, Code 1975, to life imprisonment without parole.
I
He appeals from his conviction contending first that the State failed to present evidence to prove all of the elements of rape in the first degree. Specifically, he contends that insufficient evidence was presented to prove that he had sexual intercourse with the victim by forcible compulsion.
The victim testified that as she was walking home from work sometime after 9:30 p.m. on July 10, 1985, the appellant grabbed her from behind and carried her into a garage. She said that after entering the garage, the appellant threw her back against a wall and indicated that he wanted to have sex with her. She testified that she resisted and attempted to cry out but that the appellant struck her across her face and pinned her against the wall, where he choked her with one hand while removing her clothes with the other. He then forced her onto the hood of a car in the garage and had intercourse with her.
Dr. Kenneth E. Roberts, who examined the victim soon after the attack, testified that he observed a bruising over her right jaw and tenderness and swelling over the lower part of her back. He testified that the injuries were fresh. He also testified that he observed two lacerations on the victim’s vagina and that these were consistent with those he had seen on other women who had been sexually assaulted.
In view of the above mentioned testimony, it appears that the evidence presented was more than adequate to en *110 able the jury to determine that the victim was subjected to forcible compulsion and that she was raped.
II
The appellant next contends that the trial court committed reversible error in failing to charge the jury on the lesser offenses of sexual abuse in the first degree, § 13A-6-66, Code 1975, and sexual misconduct, § 13A-6-65, Code 1975.
The record fails to reveal that the appellant requested these charges at trial or that any objections were made to the court’s failure to give charges on lesser offenses. A defendant who is convicted of a noncapital offense is not entitled to appellate consideration of issues raised for the first time on appeal. Nikolic v. City of Montgomery, 441 So.2d 997 (Ala.Cr.App.1983); Fuller v. State, 472 So.2d 452 (Ala.Cr.App.1985); Rogers v. State, 417 So.2d 241 (Ala.Cr.App.1982).
III
Appellant next contends that his three prior felonies should be treated as one conviction because he had pleaded guilty to all three on the same day. The record indicates that the appellant, on April 19,1982, in Houston County, pleaded guilty to theft of property in the first degree, burglary in the third degree, and unlawful breaking and entering of a motor vehicle. He was sentenced to terms of imprisonment of three years, two years, and one year and a day respectively. Appellant cites no authority, and we are also unable to find any, to support his contention that these three offenses should be treated as one for purposes of the Habitual Offender Act.
IV
Appellant, as his final argument, attacks the constitutionality of the Habitual Offender Act because there are no provisions in it for the consideration of aggravating and mitigating circumstances and because he believes its operation results in cruel and unusual punishment. These arguments have previously been considered and rejected, and we find that they are again due to be rejected. Seritt v. Alabama, 731 F.2d 728 (11th Cir.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 (1984); Jones v. State, 469 So.2d 713 (Ala.Cr.App.1985); Montgomery v. State, 446 So.2d 697 (Ala.Cr.App.1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984).
The decision of the trial court is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.