TAYLOR, Presiding Judge.
The appellant, Timothy Lee Moran, was convicted of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment.
Appellant contends that there was insufficient evidence to convict him of rape in the first degree. According to § 13A-6-61(a)(l), a man “commits the crime of rape in the first degree if ... he engages in sexual intercourse with a female by forcible compulsion.”
The state’s evidence tended to show that on October 26, 1986, the victim in this case was raped by her husband’s identical twin brother, the appellant. The victim testified that earlier in the evening she and her husband and the appellant were out drinking and playing pool. The appellant started “pestering” the victim, and she asked her husband to tell him to stop. The victim’s husband told the appellant not to talk with her if he had nothing good to say. A fight ensued between the brothers, and the victim’s husband was asked to leave the bar. The appellant was not asked to leave.
When the victim and her husband left, police were waiting for them outside. The police took her husband to jail, where he remained for most of the night. The victim attempted to post bail for him, but she did not have enough money. She tried to cash a cheek, but the bank and stores were closed. She decided to call the appellant and ask him if he could give her some *1327 money to get her husband (his brother) out of jail. Appellant came over to her house. She stated that he had been drinking, but was not staggering drunk. They talked for a while, and the appellant told her it was her fault that his brother was in jail. He then told her to get some rest.
She went into her bedroom and lay down with her clothes on. The appellant walked in and told her that she looked uncomfortable. He repeatedly told her to put on a nightgown. She refused. He pulled off her jeans and underwear. He then told her to take off her blouse, which she did; she refused to take off her bra, so he took it off and he hit her in the face. She asked him to leave, but he refused. The appellant then went through a drawer where the victim kept her nightgowns, and he threw one at her for her to put on. The appellant then left the room. At that time, the victim said, she was trying to think of a way to leave the house, but the only exit in the bedroom besides the door was a window that was painted shut.
The victim was on the bed crying when the appellant returned to the bedroom, nude from the waist down. She tried to get away, but he backed her into a corner. They struggled and ended up on the bed. He asked her to perform oral sex on him. She refused. The appellant hit her in the face several times, tried to stifle her screams with a pillow, and finally stuffed the pillowcase in her mouth. He then pushed her legs apart and raped her.
After appellant was finished with the victim, he took out some money and put it on the dresser. As he left he stated, “I hope after all this blows over we can still be friends.”
The nurse on duty at the time the victim was brought to the hospital testified that her face and her lips were swollen and that she had two black eyes. Semen stains were found on the crotch of her jeans, her underwear, and the bed sheet. Experts testified that there was no way to distinguish whether the samples taken from the victim were those of her husband or of the appellant because they are identical twins. The victim testified that she had not had intercourse with her husband on the day of the rape. The doctor who performed a genital examination testified that the victim’s labia were red and irritated. This, he testified, did not usually occur in “normal lubricated intercourse." He also stated that her face was severely bruised.
The victim’s husband also testified that when he confronted his brother, the appellant, that he admitted to raping his wife.
Sexual intercourse by forcible compulsion must be proved in order to satisfy the rape statute. See § 13A-6-61, Code of Alabama 1975. Sexual intercourse occurs when there is proof of “penetration, however slight.” Section 13A-6-60, Code of Alabama 1975.
The victim testified that the appellant forced her legs apart and had sex with her. The doctor who examined her testified that her genital redness and irritation was consistent with that of someone who was forced to have intercourse. The victim never directly stated in so many words that the appellant put his penis in her vagina. However, “the nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.” Swint v. State, 455 So.2d 285, 287 (Ala.Cr.App.1984). Furthermore, “ ‘Whether actual penetration is accomplished is a question of fact to be determined by the jury.’ ” Mims v. State, 500 So.2d 100, 102 (Ala.Cr.App.1986), quoting Rowe v. State, 421 So.2d 1352, 1356 (Ala.Cr.App.1982). Forcible compulsion was sufficiently proved.
The case of Mosley v. State, 500 So.2d 108 (Ala.Cr.App.1986), is similar to the instant case. There, we wrote:
“The victim testified that as she was walking home from work sometime after 9:30 p.m. on July 10, 1985, the appellant grabbed her from behind and carried her into a garage. She said that after entering the garage, the appellant threw her back against a wall and indicated that he wanted to have sex with her. She testified that she resisted and attempted to cry out but that the appellant struck her across her face and pinned her against the wall, where he choked her with one hand while removing her clothes with the *1328 other. He then forced her onto the hood of a car in the garage and had intercourse with her.
“Dr. Kenneth E. Roberts, who examined the victim soon after the attack, testified that he observed a bruising over her right jaw and tenderness and swelling over the lower part of her back. He testified that the injuries were fresh. He also testified that he observed two lacerations on the victim’s vagina and that these were consistent with those he had seen on other women who had been sexually assaulted.”
Mosley, at 109.
We held in Mosley that “the evidence presented was more than adequate to enable the jury to determine that the victim was subjected to forcible compulsion and that she was raped.” Mosley at 110.
In Anthony v. State, 473 So.2d 554 (Ala.Cr.App.1984), the appellant argued that his motion for judgment of acquittal should have been granted because, he argued, there was not sufficient evidence to convict him of rape in the first degree. The following evidence was presented:
“[T]he victim in this case went to the home of the appellant with him and another couple. She was threatened and brutally beaten. Appellant and the other man forced her to perform oral sex on the other woman and later on the appellant himself. Thereafter, he had intercourse with her. Photographs were made while these acts were being committed. She was compelled to stay there that night. The following day, after she was released, she went to the hospital where she was found by one Dr. Garcia to have many bruises and lacerations. The alleged victim herself testified at trial. Her testimony alone made out a case sufficient to present to a jury. Her testimony was supported by proof of her injuries and testimony that seminal fluid and spermatozoa were found in the crotch area of her panties by a forensic serologist.”
Anthony, at 555-56.
As we held in Anthony, “there was powerful and abundant evidence from which the jury might find appellant guilty.”
In this case, there was more than sufficient evidence to submit the case to the jury for its determination. We see no reason to disturb the verdict..
For the foregoing reasons, this case is hereby affirmed.
AFFIRMED.
All the Judges concur.